UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2025 MAR -3  AM 10: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

Dan Howitt,
           Plaintiff,

v

Harvard Bookstore,
Jeff Mayersohn,
Marnie Murray,
Jilian Kravatz,

           Defendants.

## COMPLAINT AND REQUEST FOR BENCH TRIAL

2      PARTIES
3      JURISDICTION AND VENUE
4      INTRODUCTION
5-9    FACTS
10-15  CAUSES OF ACTION
16     REQUEST FOR BENCH-TRIAL

1

**PARTIES**

Plaintiff:       Dan Howitt
                 dth055@g.harvard.edu (for all correspondence)

Defendant 1:  Harvard Book Store
              1256 Massachusetts Avenue
              Cambridge, MA 02138

Defendant 2:  Jeff Mayersohn
              1256 Massachusetts Avenue
              Cambridge, MA 02138

Defendant 3:  Marnie Murray
              82-86 Great Junction Street
              Edinburgh, Scotland
              EH6 5LL, United Kingdom

Defendant 4:  Jilian Kravatz
              232 Third Street #A111
              Brooklyn, NY 11215

1.  Plaintiff:    Dan Howitt ("I"): I was a customer of the Harvard Bookstore.

2.  Defendant 1:  Harvard Book Store ("bookstore"): A private business that is unaffiliated with, nor owned by, Harvard University.

3.  Defendant 2:  Jeff Mayersohn ("Mayersohn"): One of the two owners of the bookstore.

4.  Defendant 3:  Marnie Murray ("Murray"): A past employee of the bookstore.

5.  Defendant 4:  Jillian Kravatz ("Kravatz"): A past employee of the bookstore.

2

## JURISDICTION AND VENUE

Via USC 28 s1367(a), the court has supplemental jurisdiction over claims about violations of the below discussed MGL statutes, because those claims arise out of the same case or controversy as my federal claims.

Via USC 28 s1331, the court has jurisdiction over violations of the following statutes:

USC 42 s12182
MGL c272 s98
USC 42 s12203
USC 20 s1681
CFR 28 42.107(e)

The court has jurisdiction over defamation (USC 28 s4101) that entails harm to the plaintiff.

Via USC 28 s1343, the court has jurisdiction over civil actions whose purposes are to recover damages for harm that was entailed by violations of the aforementioned statutes.

Via the following, the court has jurisdiction over violations of MGL c272 s98:

*Currier v. National Board. of Medical Examiners*, 462 Mass. 1, 17 (2012)
*Folly-Notsron v. 180 Broadway Liquor Inc.*, No. 1:22-CV-11983-WGY, 2023 WL 3958453, at 8 (D. Mass. Apr. 27, 2023)
*Brooks v. Martha's Vineyard Transit Authority*, 433 F. Supp. 3d 65, 70 (D. Mass. 2020)

Via USC 42 s12181(7), the locations of the incidents of this case are places of public accommodation.

Via USC 28 s1391(b), the venue of the eastern division of the Massachusetts US District Court is proper because the incidents occurred in, and in the context of, Cambridge, Massachusetts.

## INTRODUCTION

Congress per USC 42 s12101 finds that disability-discrimination is pervasive in society, and that unlike those who are subjected to other kinds of discrimination (racism, sexism, etc), disabled persons often do not have legal recourse. This is surely because that, for many disabled persons, their disabilities themselves limit their abilities to understand that they are being illegally abused, and, even if they do understand it, their abilities to afford attorneys. Moreover, there are an extremely minimal number of attorneys who will assist disabled persons pro bono, and even on contingency; and most disabled persons cannot even approximately afford an attorney. All of this results in abusers knowing that they are free to engage in profuse illegal abuse against the disabled, thereby causing substantial mental harm, and other kinds of severe harm.

I have been diagnosed with Level 2 Autism Spectrum Disorder (DSM-V, 299.00 (F84.0)), severe to emergent Major Depressive Disorder (DSM-V, 296.33 (F33.2)), and severe Post Traumatic Stress Disorder (DSM-5, 309.81 (F43.10)) which is partly caused by chronic disablist social abuse.

Since 2021, as is shown in the website for the journal, I have been a co-editor (non-paid) of the world's leading autism journal, The Journal Of Autism & Developmental Disorders.

I receive SSI Disability Income, MassHealth Medicaid, Supplemental Nutrition Assistance Program, and a HUD Section 8 Voucher.

The defendants, over a substantial period of time, engaged in a pattern of brazen ghastly disability-discrimination, sexism, ageism, and retaliation, against me, in violation of the following, and in so doing caused me severe and prolonged psychological harm:

USC 42 s12182;
MGL c272 s98;
USC 42 s12203;
USC 20 s1681;
CFR 28 42.107(e);
the prohibition of defamation.

4

## FACTS

(1) Defendant Harvard Book Store is a privately owned, public business, in Cambridge, MA, that is unaffiliated with, nor owned by, Harvard University (akin to a grocery store naming itself 'Harvard Grocery Store').

(2) From 5/20/18 to 6/15/19, as I reported to the two owners of the bookstore, Jeff Mayersohn and his wife Linda Seamonson, via several emails, totalling hundreds of words of text, which were written in a professional and detailed manner, Defendant Murray, several months prior to 5/20/18, and continuing thereafter to 8/27/18, and sporadically to 9/13/19, engaged in severe multifaceted verbal discriminatory conduct against me in the bookstore, and severe defamation.

(3) Ensuingly, about 10% of the other employees of the store, who were friends with Murray, began to engage in such conduct against me in the bookstore, as well as defamation, all of which I reported to Mayersohn and Seamonson via several emails, of hundreds of words of text, to 7/15/19.

(4) On 7/15/19, as I previously, over two months, stated via email to Mayersohn and Seamonson that I would unless the aforementioned misconduct did not discontinue, I filed a Massachusetts Commission Against Discrimination (MCAD) complaint against the bookstore.

(4a) One of my friends, who submitted an affidavit to the MCAD, is lesbian, and admonished the abuse of me by the above employees, some abuse of which she witnessed.

(4b) Of course I never concluded that all who are lesbian are anti-male, nor engage in illegal anti-male conduct.

(4c) I had consistently positive rapports with several other employees of the bookstore who are lesbian.

(4d) Approximately 90% of the staff of the bookstore were female when I used the bookstore.

(5) On 7/26/19 in the evening, I saw that on 7/23/19 Mayersohn sent me an email excluding me from the bookstore, and claiming that I had been engaging in misconduct against several of his employees over a multitude of months.

(5a) His claims about me are false.

(5b) On 7/26/19 in the morning, I left him a detailed voicemail, which he provides with in his position-statement, and which he mis-dates as 7/23/19 with his position-statement. And as I state in my voicemail, I left him the voicemail due to his absence of email-replies over approximately 1 year, and due to the continued abuse of me by several of his employees; and 1% of it included my mention that (a) the below provided statements of Murray, one of which is "I hate men!", which she also stated to me in the store, and of one of her co-workers, Read Davidson, who also stated this to me in the store, and (b) the abuse of me by three of their other co-workers, indicated to me that they were severely anti-male and that their particular lesbianism, or other gender theory (that is, their concepts), included illegal anti-male discrimination.

5

(5c)    Despite that he has approximately 25+ modern high-definition in-store surveillance cameras, which video all areas of the store, including often from 2-3+ different perspectives, and a camera in the rear private entrance of his store, he has no video of me engaging in any of the conduct that he, and approximately 10% of his employees, claim.

(5d)    Prior to my MCAD complaint, he never sent me any emails in which he claimed that I engaged in any misconduct.

(5e)    Since 5/30/18, I emailed many times his wife, Seamonson, who co-owns the bookstore with him, and she never emailed me that I engaged any misconduct.

(5f)    Prior to my MCAD complaint, neither Mayersohn nor Seamonson verbally told me that I engaged in any misconduct.

(5g)    In my 9/8/23 criminal complaint probable cause hearing against Mayersohn (Boston Municipal Court 23301AC003175), in which I argue that he violated MGL c268 s1 a multitude of times, his attorney stated the following in response to my argument that none of the in-store video of me that Mayersohn provided to the MCAD demonstrate that I engaged in any kind of misconduct, despite Mayersohn's claim that they did, which was his basis to use the videos. As is shown in the For The Record Audio, his attorney said:

"Mr. Howitt, we know that those were your friends in the store [referring to Mayersohn's videos of me with other people in the bookstore]. We just wanted to provide video that shows that you used the store."

(6)    The MCAD dismissed my complaint on 11/30/20, and dismissed my appeal on 6/29/21.

(7)    In 6/2024, I filed Howitt v MCAD in this court, 1:24CV11742DJC, given the severely bias-based negligent handling of my MCAD case by the investigator.

(8)    On 4/28/18 and 12/3/20, Murray emailed me the following, and threatened me regarding my use of her emails.

4/28/18:
"Are you a MURDERER! Are you! Are you going to murder me! You're a creepy old man. How old are you bitch! Step back bitch! I saw your "book" in the store about your autism. Your psycho autism. Just look at your title "The Horror Of Autism" and the crazy font you use. You're the baldest man in the store! Besides John. I hate men and you're another reason. Just keeping it real! R E A L. You're prohibited from using this email and if you do I'll contact Harvard and tell them about you. Don't come into my store any more. You scare me and everyone else. Murderer. I overheard you talking about suing the store in "federal court". What a laugh. I'll tell Harvard about you if you do. I'll email your professor Theo Theoharis, his email is in their website, and everyone in the English department. I see Theo many days a week in the store and will also tell him there."

12/3/20
"We are all glad you're BANNED from the book store. Your masculinist abuse was horrible. You're another reason why I HATE men. Your presence harassed me and everyone. It's funny because you never really said anything to me. But just watching you. I'm glad you didn't murder me. Are you a MURDERER? Do you realise you are or might be? You look like one. No one likes you looking at them. Ugly creepy old bald man! We heard you're gonna sue the store and Jeff in "the federal court". If you do we'll contact Harvard about you and have you arrested. You should live in a hospital with other psychos like you! You are prohibited by law from using any of my emails."

(8a)    I therefore did not use any of her emails in my MCAD complaint.

6

(8b)    Prior to the aforementioned 5/20/18 (as I discuss above in #2), Murray engaged in extensive verbal abuse of me in the bookstore, including the above content about "murderer", "psycho autism", "baldest", "creepy old man", "ugly", etc.

(9)    She continued to work at the bookstore until 4/2021.

(10)    On 9/16/19, Defendant Kravatz emailed me the following:

"Hello Dan --
I saw you dozens of times poke your head around a tree looking at Marnie, Liam, and I when we were trying to have a picnic and chat on the river. It's not enough you were trespassed from the Harvard Book Store but you still harassed us by hiding behind a tree facing us, and poking your head around the tree repeatedly to scare us. The sight of you was horrible. You're clearly mentally ill. We stayed for another 20 minutes while you were sitting on a bench with Theo Theoharis but we were scared of you. We returned to the store. If you were looking down the dirt path for Theo to materialize, you shouldn't have because we were on the dirt path on a bench also. Like in the store, none of us can stand you looking at us. You're mentally ill and disturbing. Next time look somewhere else and Theo will come to your bench. I hope this is helpful advice. Also if you go to another store, please don't look at people and employees when you walk around. It's disturbing. The public library has mentally ill people all around and maybe it would be best for you.
Thanks,
Jilian

(10a)    A person who has been assisting me with finding past emails in my email accounts, and in saved email-files in my computer, found the above email for me recently.

(10b)    I therefore was not able to use her email for my MCAD complaint.

(10c)    Murray provided an affidavit to the MCAD with the bookstore's position-statement, and in it she extensively discusses the above claimed incident of Kravatz, stating, like Kravatz, that I harassed her and her two friends by doing what Kravatz describes, and that she had to take "time off from work" due to being terrified of me.

(10d)    At that location on the river, for 2 years I had met my professor there; and if I arrived first, I would look down the trail along the river for his arrival, which included looking along the line of several benches that are 1-2 feet from the trail. If it was hot, I sometimes would stand in the shade under the leaves of a tree until he arrived.

(10e)    On 10/24/19, Mayersohn emailed me (after he excluded me from the store on 7/23/19) in which he forwarded to me Kravatz's 9/15/19 email to him, namely (and the "Mark" that she refers to is the manager of the bookstore Mark Lamphier):

"Hello all --
Mark asked me to send along and email recounting Friday afternoon by the river. Sorry it's taken me until now to get this to you.
On Friday afternoon, Marnie, Liam and I were having a picnic by the Charles river. We were sitting on one of the green benches facing the water when Dan passed along the dirt path immediately before us. We didn't say hello or interact with him while he passed but noticed that after passing us he proceeded to stop, position himself behind a tree and stand facing us for upwards of 15 minutes. He'd occasionally poke his head around the tree to observe us and we likewise noticed him watching us. We sat there for a while continuing to chat, then noticed Dan walk back towards us on his way to greet Theo Theoharis, who had materialized with his bike at another bench. Then the two (Dan and Theo) passed on the same dirt path before us. This time, Theo greeted us and we said hello. After passing, Dan again turned to gesture towards us while talking with Theo. Shortly thereafter we gathered our things and returned to the store.
Let me know if anything here is unclear.

7

Thanks,
Jillian"

(11)    On 3/16/19, I emailed Mayersohn volunteering that if he needed assistance with setting up the room for any author-events, to please let me know. He replied with the following on 3/19/19.
"Yes! Here's what I want you do to. Go to the far wall of the store. Face the wall, and stand there for hours."

(11a)    A person who has been assisting me with finding past emails in my email accounts, and in saved email-files in my computer, found the above email for me recently.

(11b)    I therefore was not able to use his email in my MCAD complaint.

(11c)    His email is a common kind of psychological abuse that is waged against disabled people, and especially mentally disabled people, namely directing us to do things that eliminate our presence, and which gravely humiliate us.

(11d)    He clearly desired to convey to me his perspective that I am sub-human because I have mental disability, and that my deserved punishment is to, in the presence of hundreds of customers coming and going, endure the psychological pain and neurological pain of standing next to a wall and staring at it for hours. This kind of punishment is akin to prison torture.

(11e)    Since 1/8/16, Mayersohn has known, via my email-exchanges with him, his selection of my book on autism for his store, and my in-person meetings with him, that I have marked Autism Spectrum Disorder, and that it has entailed substantial chronic social abuse.

(11f)    His above disablist abuse (11-16) was clearly done in retaliation to my complaints about Murray et al.

(11g)    On 10/21/19, while I was standing next to the TD Bank that is located on the opposite corner of the bookstore, amid hundreds of people passing by, while I was using my telephone, and waiting for text-message replies, Mayersohn walked by me, within 30 seconds appeared at the large windows of his store on the Plympton Street side of his store, persistently looked at me, had his telephone to his ear, often looked away, then went behind a wall, and re-appeared, while continuing to look at me.

(11h)    As I later learned, he contacted the Harvard Police, and reported to them that I was harassing them on the sidewalk, and conveyed all of his and the above employees allegations about me.

(11i)    This resulted in the Harvard Police issuing a 1 year no-trespass against me regarding the university.

(12)    For context: All of my clinicians over time have recommended that I try to make efforts to be a part of social communities, rather than isolating myself as I typically do, including rarely speaking with people. It took me considerable courage to begin going to a public bookstore that is used by hundreds to thousands of people per day. I would typically visit the store for 30 minutes, to a maximum of 1 hour (if there was a 30+ minute author-event, or if I sat somewhere reading, or if I saw someone who I know, or if I went to the store

8

with a friend, or if I met a friend at the store). I typically visited the store 4-5 days a week. It is located in the center of Harvard Square, and near where I walk around, on and off, throughout the day, along with thousands of other people. Over time, in addition to seeing people who I knew there, including several professors, I also met a few new people, and usually at their initiation; and several of them who were women of different ages invited me to a cafe, dinner, to walk around campus, etc.

(13)        The aforementioned other 90% of employees of the bookstore did not testify against me regarding my MCAD complaint; and I had nice rapports with each of them, both in the store, and outside of the store.

(14)        Since 2021, as is shown in the website for the journal, I have been a co-editor (non-paid) of the world's leading autism journal, The Journal Of Autism & Developmental Disorders.

## CAUSES OF ACTION

### COUNT 1

15.     I restate and incorporate by reference 1 – 14.

The bookstore violated USC 42 s12182 by not addressing the violations of this statute by several employees, and by excluding me from the bookstore.

Due to the aforementioned, I request the following relief:

a. Judgment on the violations.

b. General damages.

c. Punitive damages

d. An injunction prohibiting the defendant from violating USC 42 s12182 against anyone.

e. Additional orders and damages that the court may find are warranted.

### COUNT 2

16.     I restate and incorporate by reference 1 – 15.

The bookstore violated MGL c272 s98 by not addressing the violations of this statute by several employees, and by excluding me from the bookstore.

Due to the aforementioned, I request the following relief:

a. Judgment on the violations.

b. General damages.

c. Punitive damages

d. An injunction prohibiting the defendant from violating MGL c272 s98 against anyone.

e. Additional orders and damages that the court may find are warranted.

### COUNT 3

17.     I restate and incorporate by reference 1 – 16.

The bookstore violated USC 42 s12203 by excluding me from the bookstore after I filed a MCAD complaint against the bookstore in which I, as I had done via email to the bookstore, describe the extensive disability-discrimination, and anti-male sexism, and ageism, of several employees.

Due to the aforementioned, I request the following relief:

a. Judgment on the violations.

b. General damages.

c. Punitive damages

d. An injunction prohibiting the defendant from violating USC 42 s12203 against anyone.

10

e.  Additional orders and damages that the court may find are warranted.

## COUNT 4

18.  I restate and incorporate by reference 1 – 17.

Mayersohn violated MGL c272 s98 by engaging in disability-discrimination against me.

Due to the aforementioned, I request the following relief:

a.  Judgment on the violations.
b.  General damages.
c.  Punitive damages
d.  An injunction prohibiting the defendant from violating MGL c272 s98 against anyone.
e.  Additional orders and damages that the court may find are warranted.

## COUNT 5

19.  I restate and incorporate by reference 1 – 18.

Mayersohn violated USC 42 s12182 by engaging in disability-discrimination against me.

Due to the aforementioned, I request the following relief:

a.  Judgment on the violations.
b.  General damages.
c.  Punitive damages
d.  An injunction prohibiting the defendant from violating USC 42 s12182 against anyone.
e.  Additional orders and damages that the court may find are warranted.

## COUNT 6

20.  I restate and incorporate by reference 1 – 19.

Mayersohn violated USC 42 s12203 by excluding me from the bookstore after I filed a MCAD complaint against the bookstore.

Due to the aforementioned, I request the following relief:

a.  Judgment on the violations.
b.  General damages.
c.  Punitive damages
d.  An injunction prohibiting the defendant from violating USC 42 s12203 against anyone.
e.  Additional orders and damages that the court may find are warranted.

## COUNT 7

21. I restate and incorporate by reference 1 – 20.

    Murray violated USC 42 s12182 by engaging in disability-discrimination against me.

    Due to the aforementioned, I request the following relief:

    a. Judgment on the violations.
    b. General damages.
    c. Punitive damages
    d. An injunction prohibiting the defendant from violating USC 42 s12182 against anyone.
    e. Additional orders and damages that the court may find are warranted.

### COUNT 8

22. I restate and incorporate by reference 1 – 21.

    Murray violated MGL c272 s98 by engaging in disability-discrimination against me.

    Due to the aforementioned, I request the following relief:

    a. Judgment on the violations.
    b. General damages.
    c. Punitive damages
    d. An injunction prohibiting the defendant from violating MGL c272 s98 against anyone.
    e. Additional orders and damages that the court may find are warranted.

### COUNT 9

23. I restate and incorporate by reference 1 – 22.

    Murray violated USC 20 s1681 by engaging in sexual harassment and sexual discrimination against me.

    Due to the aforementioned, I request the following relief:

    a. Judgment on the violations.
    b. General damages.
    c. Punitive damages
    d. An injunction prohibiting the defendant from violating USC 20 s1681 against anyone.
    e. Additional orders and damages that the court may find are warranted.

### COUNT 10

24. I restate and incorporate by reference 1 – 23.

    Murray violated CFR 28 42.107(e) by engaging in retaliation regarding my MCAD complaint against the bookstore, her, and some of her coworker-friends, by providing a fraudulent affidavit-discussion to the

MCAD. In my MCAD complaint, I present her multifaceted disablist, sexist, and ageist verbal abuse of me in the store.

Due to the aforementioned, I request the following relief:
a. Judgment on the violations.
b. General damages.
c. Punitive damages
d. An injunction prohibiting the defendant from violating CFR 28 42.107(e) against anyone.
e. Additional orders and damages that the court may find are warranted.

## COUNT 11

25.   I restate and incorporate by reference 1 – 24.

Kravatz violated USC 42 s12182 by engaging in disability-discrimination against me.

Due to the aforementioned, I request the following relief:
a. Judgment on the violations.
b. General damages.
c. Punitive damages
d. An injunction prohibiting the defendant from violating USC 42 s12182 against anyone.
e. Additional orders and damages that the court may find are warranted.

## COUNT 12

26.   I restate and incorporate by reference 1 – 25.

Kravatz violated USC 42 s12182 by engaging in disability-discrimination against me.

Due to the aforementioned, I request the following relief:
a. Judgment on the violations.
b. General damages.
c. Punitive damages
d. An injunction prohibiting the defendant from violating USC 42 s12182 against anyone.
e. Additional orders and damages that the court may find are warranted.

## COUNT 13

27.   I restate and incorporate by reference 1 – 26.

Kravatz violated MGL c272 s98 by engaging in disability-discrimination against me.

Due to the aforementioned, I request the following relief:
a. Judgment on the violations.

  b. General damages.

  c. Punitive damages

  d. An injunction prohibiting the defendant from violating MGL c272 s98 against anyone.

  e. Additional orders and damages that the court may find are warranted.

## COUNT 14

28. I restate and incorporate by reference 1 – 27.

Kravatz violated USC 42 s12203 by engaging in retaliation against me via her fraudulent and discriminatory-animus email to Mayersohn.

Due to the aforementioned, I request the following relief:

  a. Judgment on the violations.

  b. General damages.

  c. Punitive damages

  d. An injunction prohibiting the defendant from violating MGL c272 s98 against anyone.

  e. Additional orders and damages that the court may find are warranted.

## COUNT 15

29. I restate and incorporate by reference 1 – 28.

Mayersohn engaged in severe defamation against me via his report to the Harvard Police, resulting in damaging a central aspect of my life, due to how the police issued a 1 year no-trespass against me

Due to the aforementioned, I request the following relief:

  a. Judgment on the violations.

  b. General damages.

  c. Punitive damages

  d. An injunction prohibiting the defendant from psychologically abusing anyone via violations of USC 42 s12182, MGL c272 s98, USC 42 s12203, USC 20 s1681, CFR 28 42.107(e).

  e. Additional orders and damages that the court may find are warranted.

## COUNT 16

30. I restate and incorporate by reference 1 – 29.

The defendants brazenly, and in calculated ways, for their sociopathic enjoyment, caused me severe and prolonged psychological damage, which persists to the present time.

Due to the aforementioned, I request the following relief:

  a. Judgment on the violations.

b. General damages.

c. Punitive damages

d. An injunction prohibiting the defendant from psychologically abusing anyone via violations of USC 42 s12182, MGL c272 s98, USC 42 s12203, USC 20 s1681, CFR 28 42.107(e).

e. Additional orders and damages that the court may find are warranted.

**REQUEST FOR BENCH-TRIAL**

I request a bench-trial on the aforementioned violations.

Submitted by,

*[signature: Dan Howitt]*

Dan Howitt
2/11/25