UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN HOWITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-10502-DJC |
| ) | |
| HARVARD BOOKSTORE, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                          **January 12, 2026**

*Pro se* plaintiff Dan Howitt brings this action against Harvard Bookstore ("Bookstore"), one of its owners (Jeff Mayersohn) and two of its former employees (Marnie Murray, Jilian Kravatz), alleging that they unlawfully discriminated against him on the basis of disability and retaliated against him for complaining about said discrimination. In addition, Howitt brings state tort claims. Howitt has also filed motions for equitable tolling of the statute of limitations and to proceed *in forma pauperis*. For the reasons set forth below, the Court ALLOWS the motion for leave to proceed *in forma pauperis*, D. 4, DENIES the motion for equitable tolling, D. 2, and dismisses this action.

**I.      Motion for Leave to Proceed** *in Forma Pauperis*

Upon review of the motion for leave to proceed *in forma pauperis*, D. 4. the Court concludes that Howitt has adequately demonstrated his inability to prepay the filing fee. Accordingly, this motion, D. 4, is ALLOWED.

1

## II.   Review of the Complaint

Summonses have not issued pending the Court's preliminary review of the complaint.  The Court may review the complaint of a person proceeding *in forma pauperis* and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or asserts claims for monetary damages from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes the complaint because Howitt is proceeding *pro se*.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### A.   Howitt's 's Factual Allegations and Legal Claims

Howitt represents that he has been diagnosed with "Level 2 Autism Spectrum Disorder," "severe to emergent Major Depressive Disorder," and "severe Post Traumatic Stress Disorder . . . which is partly caused by chronic disablist social abuse."  D. 1 at 4.  Howitt alleges that his "clinicians over time have recommended that [he] try to make efforts to be a part of social communities, rather than isolating [him]self as [he] typically do[es]."  Id. ¶ 12.

This lawsuit concerns alleged events that occurred while Howitt was a customer of the Bookstore and thereafter.  Howitt claims that it took him "considerable courage to being going to a public bookstore that is used by hundreds to thousands of people per day."  Id.  Howitt reports that he would "typically" visit the store 30-60 minutes four to five days a week, and that, while there, he would see people he already knew (including some professors) and even "met a few new people," some of whom "invited [him] to a cafe, dinner, [or] to walk around campus, etc."  Id. Howitt alleges that, since January 2016, Mayersohn has known through Howitt's email correspondence and in person contact with Howitt, that Howitt has "marked Autism Spectrum Disorder, and that it has entailed substantial chronic social abuse."  Id. ¶ 11e.

2

According to Howitt, from early 2018 through September 13, 2019, Murray "engaged in severe multifaceted verbal discriminatory conduct against [Howitt] in the bookstore, and severe defamation." Id. ¶ 2. Other employees of the bookstore who were friends with Murray allegedly then "began to engage in such conduct against [Howitt] in the bookstore. Id. ¶ 3.

Sometime prior to April 28, 2018, Murray allegedly began to refer to Howitt as a being "murderer" and a "creepy old man," and having "psycho autism." Id. ¶¶ 2, 8b. Murray also allegedly sent an email to Howitt on April 28, 2018 in which she repeated these insults and also stated:

> You're prohibited from using this email and if you do I'll contact Harvard and tell them about you. Don't come into my store any more. You scare me and everyone else. Murderer. I overheard you talking about suing the store in "federal court". What a laugh. I'll tell Harvard about you if you do. I'll email your professor Theo Theoharis, his email is in their website, and everyone in the English department. I see Theo many days a week in the store and will also tell him there.

Id. ¶ 8.

Howitt represents that, from May 20, 2018 to June 15, 2019, he sent emails to Mayersohn and the bookstore's co-owner, Lisa Seamonson, reporting the employees' alleged misconduct. Id. ¶ 2. Howitt states that, on July 15, 2019, he filed a complaint about the Bookstore with the Massachusetts Commission Against Discrimination ("MCAD"). Id. ¶ 4. According to Howitt, about a week later, Mayersohn sent him an email "excluding [him] from the bookstore, and claiming that [he] had been engaging in misconduct against several of his employees over a multitude of months." Id. ¶ 5. Howitt alleges that, prior to his filing of the complaint with the MCAD, Mayersohn and Seamonson had never told him—verbally or by email—that he had ever engaged in any misconduct. Id. ¶¶ 5d-5f.

Howitt also reports that on September 16, 2019, Kravatz sent him an email in which Kravatz accused him of harassing and scaring him and another individual by "hiding behind a tree"

3

and "poking [his] head around the tree repeatedly to scare [them]" while the group was having a picnic along a river. Id. ¶ 10. In this email, Kravatz tells Howitt that he is "mentally ill and disturbing" and that "[t]he public library has mentally ill people all around and maybe it would be best for [him]." Id.

According to Howitt, on October 21, 2019, while he was standing outside a bank located near the bookstore and using his telephone, Mayersohn walked by Howitt. Id. ¶ 11g. Howitt claims that he later learned that Mayersohn had thereafter "contacted the Harvard Police, and reported to them that [Howitt] was harassing them on the sidewalk, and conveyed all of his allegations" and those of the Bookstore's employees about him. Id. ¶ 11h. "This resulted in the Harvard Police issuing a 1 year no-trespass against [Howitt] regarding the university." Id. ¶ 11i.

Howitt represents that the MCAD dismissed his complaint on November 30, 2020. Id. ¶ 6. He alleges that, on December 3, 2020, Murray sent him an email similar to the one she had sent in April 2018, stating that, if Howitt sued the Bookstore and Mayersohn in federal court, she would "contact Harvard about [Howitt] and have [him] arrested." Id. ¶ 8. Howitt alleges that Murray worked at the Bookstore until April 2021, and that the MCAD dismissed his appeal on June 29, 2021. Id. ¶¶ 6, 9.

Howitt brings claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 (prohibiting disability discrimination in places of public accommodations) (Counts 1, 5, 7, 11, 12); the anti-retaliation provision of Title V of the ADA, 42 U.S.C. § 12203(a) (prohibiting retaliation against an individual who has "opposed any act or practice" made unlawful by the ADA) (Counts 3, 6, 14); 20 U.S.C. § 1681 (prohibiting discrimination on the basis of sex in education program or activity receiving federal financial assistance) (Count 9); 28 C.F.R. § 42.107(e) (prohibiting retaliation against an individual who has complained of discrimination in

4

federally assisted programs) (Count 10); and, Mass. Gen. L. c. 272, § 98 (prohibiting discrimination in public accommodations on the basis of disability, race, sex and other protected classes) (Counts 2, 4, 8, 13). Howitt also brings state tort claims for defamation (Count 15) and causing "severe and prolonged psychological damage." D. 1 at 14 (Count 16).

### B.  Discussion

To state a claim upon which relief may be granted, a complaint must, *inter alia*, comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In so reviewing the complaint, the Court accepts factual matter as true, but the Court "is not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly v. Bell Atlantic Corp., 550 U.S. 544, 555 (2007)).

#### 1.  Inapplicable Federal Laws

Howitt has failed to state a claim under 20 U.S.C. § 1681(a) because the Bookstore is not "an education program or activity receiving federal financial assistance." Even as Howitt alleges, "Harvard Book Store is a privately owned, public business, in Cambridge, MA that is unaffiliated with, nor owned by Harvard University." D. 1 ¶ 1.

For the same reason, Howitt's claim under 28 C.F.R. § 42.107(e) fails to state a claim upon which relief may be granted. Nonetheless, the Court will construe this claim as one under 42 U.S.C. § 12203 (prohibition against retaliation and coercion).

#### 2.  Statute of Limitations

Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if it is clear from the allegations that the relief sought is barred by the

relevant statute of limitations.  See Bock v. Jones, 549 U.S. 199, 215 (2007) (noting that if the allegations in a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); Martin v. Somerset Cnty., 86 F.4th 938, 942 (1st Cir. 2023) ("[e]ntering a judgment on a motion to dismiss or on a motion for judgment on the pleadings 'based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred.'" (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998))).

### a.  Applicable Statute of Limitations

Because Title III and Title V of the ADA do not contain a statute of limitations, Howitt's claims under the ADA "borrow the most analogous state of limitations from [state] law, provided that it does not conflict with federal law or policy."  Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 118 (1st Cir. 2003) (applying Puerto Rico statutes of limitations to claims under Title II of the ADA, the Rehabilitation Act, and 42 U.S.C. § 1983).[1]  Whether one looks to the Massachusetts statute of limitations for civil rights actions, see Mass. Gen. L. c. 260, § 5B, or for tort claims, see Mass. Gen. L. c. 260, § 2A, the statute of limitations that applies here to these claims is three years.  Howitt commenced this action on March 3, 2025.  This means that, in the absence of any applicable tolling doctrine, Howitt's ADA claims and state law claims are time barred if they accrued prior to March 3, 2022.

Although Howitt's ADA claims borrow the state statute of limitations, the time at which these claims accrued is a matter of federal law.  Nieves-Marquez, 353 F.3d at 119 (stating that the

---

[1] Certain claims under the ADA are subject to a four-year statute of limitations but not to the claims asserted by Howitt.  Castelino v. Rose-Hulman Inst. of Tech., 999 F.3d 1031, 1037-38 (7th Cir. 2021) (concluding that four-year limitations period of § 1658 did not apply to Title III ADA claim where plaintiff's claims were not dependent on the 2008 amendments to the ADA); J.S.H. v. Newton, 654 F. Supp. 3d 7, 16 (D. Mass. 2023) (same).

time at which claims under the ADA and other federal statutes accrue "is an issue of federal, not local law"). "Under federal law 'the time of accrual of a civil rights action is when the aggrieved party knows or has reason to know of the injury which is the basis for his action or when facts supportive of a civil rights action are or should be apparent to a reasonably prudent person similarly situated.'" Id. at 119-120 (quoting Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41 n.5 (1st Cir. 1990)).

Similarly, under Massachusetts law, a tort claim accrues "when the plaintiff discovers or with reasonable diligence should have discovered that (1) he has suffered harm; (2) his harm was caused by the conduct of another; and (3) the defendant is the person who caused that harm." Lanier v. President & Fellows of Harvard Coll., 490 Mass. 37, 55 (2022) (quoting Harrington v. Costello, 467 Mass. 720, 727 (2014)). Claims under Mass. Gen. L. c. 272, § 98 accrue "on the date of the allegedly wrongful acts, unless the wrong is 'inherently unknowable.'" Kaiser v. Kirchick, 662 F. Supp. 3d 76, 94–95 (D. Mass. 2023) (quoting Pagliuca v. City of Bos., 35 Mass. App. Ct. 820, 822-23 (1994)).

Nothing in the complaint indicates that, prior to March 3, 2022, Howitt did not know or have reason to know of the injuries for which he now seeks relief. The latest occurrence of any misconduct relevant to Howitt's claims against the Bookstore, Mayersohn, or Kravatz was when Howitt learned that Mayersohn had reported him to the Harvard police after seeing Howitt in Harvard Square on October 21, 2019. The last alleged act of misconduct vis-à-vis Murray occurred on December 3, 2020, when Murray sent Howitt the email detailed above.

### b. Equitable Tolling

Howitt argues that Murray's alleged conduct tolled the statute of limitations. D. 2. Howitt claims that the emails she sent to him on April 18, 2018 and December 3, 2020 "demonstrate that

7

[she] encouraged, and threatened [him] into inaction regarding presenting . . . evidence to the [MCAD] and court, regarding beginning a lawsuit earlier." D. 2 at 1. Howitt represents that he "was in fear that [Murray] would undermine [him] via defamation at Harvard and elsewhere where [he has] personal relationships and professional relationships, subject [him] to police-action via fraud, and continue to torment [him]." Id.

Under federal law, "equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." Lozano v. Montoya Alvarez, 572 U.S. 1, 10 (2014). Similarly, under Massachusetts law "[e]quitable tolling is to be 'used sparingly,' and the circumstances where tolling is available are extremely limited." Dunn v. Langevin, 492 Mass. 374, 380 (2023) (alteration in original) (quoting Halstrom v. Dube, 481 Mass. 480, 485 (2019)). Circumstances in which equitable tolling may be applicable includes, for one example, where "the potential defendant encourages or cajoles the potential plaintiff into inaction," Shervin v. Partners Healthcare Sys., Inc., 804 F.3d 23, 39 (1st Cir. 2015) (quoting Cherella v. Phoenix Techs., Ltd., 32 Mass. App. Ct. 919, 920 (1992)).

Equitable tolling is inapplicable here where Howitt does not allege that the conduct of the Bookstore, Mayersohn and Kravatz prevented him from timely filing this lawsuit. It also does not apply to his claims against Murray. Even as alleged, Howitt was not ignorant of his causes of action against her at the time they accrued, which was no later than December 2020. Murray's alleged threats to "tell Harvard about [Howitt] and to have [him] arrested" and to email Howitt's professor if Howitt filed a lawsuit against the Bookstore in federal court, D. 1 ¶ 8, do not explain Howitt's delay in filing this lawsuit until almost four years after Murray was no longer working at

the bookstore and twenty-two months after he filed a lawsuit against Harvard University.[2] Although it "[i]t is possible to imagine circumstances in which duress might toll the statute [of limitations]," Babco Indus., Inc. v. New England Merch. Nat'l Bank, 6 Mass. App. Ct. 929, 930 (1978), the allegations here do not present such circumstances.

**V.     Conclusion**

For the foregoing reasons, the Court orders as follows:

1. The motion for leave to proceed *in forma pauperis*, D. 4, is ALLOWED.

2. The motion for equitable tolling, D. 2, is DENIED.

3. This action is DISMISSED for failure to state a claim upon which relief may be granted.

4. The motion for leave to file electronically, D. 5, is DENIED as moot.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge

---

[2] See Howitt v. President & Fellows of Harvard Coll., C.A. No. 23-11793-MJJ (D. Mass.).  This action was removed from Middlesex Superior Court on Aug. 7, 2023.  Id., D. 1.